# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 1441 | **DATE** | 6/4/2002 |
| **CASE TITLE** | Colon vs. Option One Mortgage | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** We affirm the decision of the bankruptcy court.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | JUN 05 2002 date docketed | |
| ✓ | Docketing to mail notices. | | |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| SCT | courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NORMA I. COLON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) 02 C 1441 |
| OPTION ONE MORTGAGE, | ) ) ) |
| Defendant. | ) |

DOCKETED
JUN 5 2002

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

Appellant Norma Colon ("Colon") brings this appeal challenging the February 4 order of the Bankruptcy Court, granting relief from the automatic stay to appellee Option One Mortgage ("Option One"). Option One held the mortgage on Colon's home in Lincolnwood, Illinois. Colon did not make timely payments on the debt, and in November 2000 Option One filed a complaint for foreclosure. The following May, Option One obtained a judgment for foreclosure and sale in the Cook County Circuit Court, Chancery Division, and the property was auctioned at a judicial sale on January 7, 2002. Three days later, Colon filed a Chapter 13 bankruptcy petition, which stayed the foreclosure proceedings pursuant to 11 U.S.C. § 362(a). Her Chapter 13 plan anticipated that Colon would cure the default, but Option One, contending that the

January 7 sale cut off any rights Colon had to cure, sought and obtained relief from the stay with regard to the Lincolnwood residence. Colon appeals the order granting Option One relief from the stay, arguing that her right to cure the default extends until the sale is confirmed by the chancery court.

Colon presents two issues in her appeal. First, she contends that the bankruptcy judge misconstrued § 1322(c)(1) of the Bankruptcy Code in concluding that an Illinois debtor can no longer cure a mortgage default with respect to his or her principal residence after the property is sold at a foreclosure sale but before the state court confirms the sale. Second, Colon argues that the judge erred in entering an order terminating the automatic stay with respect to the foreclosure action against her principal residence.

On appeal, we review the grant of relief from an automatic stay under 11 U.S.C. § 362(d) for abuse of discretion. In re Williams, 144 F.3d 544, 546 (7th Cir. 1998). A lower court necessarily abuses its discretion when its exercise of discretion is based solely on an erroneous conclusion of law. United Air Lines, Inc. v. Int'l Ass'n of Machinist and Aerospace Workers, 243 F.3d 349, 361 (7th Cir. 2001); Sherrod v. Lingle, 223 F.3d 605, 610 (7th Cir. 2000). When reviewing a bankruptcy judge's conclusions of law, we apply a de novo standard. Meyer v. Rigdon, 36 F.3d 1375, 1378 (7th Cir. 1994).

Judge Wedoff's decision to terminate the stay in this case rested solely on his conclusion that Illinois law does not allow a debtor to cure a default after the property is sold at a judicial sale. The issue of whether a debtor can cure a defaulted mortgage after his or her principal residence has been purchased at a judicial sale but before the trial court has confirmed the sale has been the subject of significant disagreement within this district. Three district judges and two bankruptcy judges have held that the right to cure under 11 U.S.C. § 1322(c)(1) continues until the state court confirms the sale of the subject property. Crawford v. First Nationwide Mortgage Corp., 217 B.R. 558 (N.D. Ill. 1998); Christian v. Citibank, 214 B.R. 352 (N.D. Ill. 1997); McEwen v. Federal Nat'l Mortgage Ass'n, 194 B.R. 594 (N.D. Ill. 1996); In re Spencer, 263 B.R. 227 (Bankr. N.D. Ill. 2001); In re Jones, 219 B.R. 1013 (Bankr. N.D. Ill. 1998). One district judge and several bankruptcy judges have reached the opposite conclusion; in their view a debtor's right to cure evaporates once a buyer who is willing and able to purchase the subject property is identified, usually as the highest bidder at a court-ordered auction. In re Babington, 2000 U.S. Dist. LEXIS 20840 (N.D. Ill. Dec. 12, 2000); In re Danaskos, 254 B.R. 416 (Bankr. N.D. Ill. 2000); In re Crawford, 215 B.R. 990 (Bankr. N.D. Ill. 1997); In re Christian, 199 B.R. 382 (Bankr. N.D. Ill. 1996).

The pertinent section of the Bankruptcy Code provides that "a default with respect to, or that gave rise to, a lien on the debtor's principal residence may be

cured . . . until such residence is sold at a foreclosure sale that is conducted in accordance with applicable nonbankruptcy law . . . ." 11 U.S.C. § 1322(c)(1). The Illinois Mortgage Foreclosure Act contains the "applicable nonbankruptcy law" for foreclosure sales conducted in Illinois. 735 ILCS 5/15-1501-09. The act sets forth a multistep process, which culminates in a hearing conducted after the property is purchased. 735 ILCS 5/15-1508(b). At that hearing, the court determines if the sale was flawed in one of four ways: (1) the notice given was not proper; (2) the sale terms were unconscionable; (3) the sale involved fraud; or (4) justice was not otherwise done. Id. If none of these defects are present, the court must confirm the sale, and the purchaser can then exchange the certificate of sale received at the foreclosure sale for a deed that is sufficient to convey title. 735 ILCS 5/15-1509.

Having reviewed the relevant authority, we agree with the view that a debtor's right to cure is extinguished once the property is sold at a judicial sale, not when the sale is confirmed by the trial court. Although confirmation is not a mere formality in the state arena, its significance to federal concerns is too minimal to justify extending the period for cure to that point. For the purposes of § 1322(c)(1), the sale is conducted in accordance with applicable nonbankruptcy law once the highest bid is entered and accepted. Any other result would allow a federal procedural mechanism to afford a debtor greater rights than would otherwise be available under state substantive law. The

construction of § 1322(c)(1) Colon advances would allow debtors who have taken no prior action to circumvent the detailed foreclosure procedures set out in the Illinois statute. Congress clearly intended to extend the debtor's right to cure to the outer limits allowed under state law, Christian, 214 B.R. at 355, the intent could not have included a desire to permit the debtor, through creative invocation of bankruptcy protection, to do an end-run around state law once all substantive events have come and gone. Williams, 144 F.3d at 550. Judge Wedoff's decision to lift the stay was not based on an erroneous legal conclusion and therefore he did not abuse his discretion in terminating the stay with respect to Option One.

For the foregoing reasons, we affirm the decision of the bankruptcy court.

                            *Charles P. Kocoras*
                            Charles P. Kocoras
                            United States District Judge

Dated: JUN - 4 2002